1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HON LAU,

11              Plaintiff,                    No. CIV S-09-3146 DAD P

12        vs.

13   BILL LOCKYER,                            ORDER AND

14              Defendant.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20                          **SCREENING REQUIREMENT**

21              The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26   U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

5  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

12  (1957)). However, in order to survive dismissal for failure to state a claim a complaint must

13  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

15  550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

16  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19    The Civil Rights Act under which this action was filed provides as follows:

20    Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
21    deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
22    law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2

1  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2  omits to perform an act which he is legally required to do that causes the deprivation of which

3  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4  Moreover, supervisory personnel are generally not liable under § 1983 for the

5  actions of their employees under a theory of respondeat superior and, therefore, when a named

6  defendant holds a supervisorial position, the causal link between him and the claimed

7  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

8  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

9  allegations concerning the involvement of official personnel in civil rights violations are not

10  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

12  In the present case, plaintiff has named former California Attorney General Bill

13  Lockyer as the sole defendant.  Plaintiff alleges that in 2002 the California Attorney General

14  issued an arrest warrant for him that falsely stated that plaintiff was an alien and had obtained his

15  passport by fraud.  Plaintiff claims that he lost his subsequent criminal case in state court and

16  received a sentence of fifty years to life in state prison as a result of the defendant's wrongful act.

17  In terms of relief, plaintiff requests monetary damages.  (Compl. at 3.)

## DISCUSSION

19  A civil rights action is the proper mechanism for a prisoner seeking to challenge

20  the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast,

21  habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact

22  or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Here, plaintiff

23  claims that the defendant's conduct resulted in his criminal conviction and sentence.  However,

24  plaintiff has not indicated that his conviction has been overturned or otherwise invalidated.

25  Under these circumstances, the court cannot allow plaintiff to proceed in this civil

26  rights action.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983

3

action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).  A writ of habeas corpus is plaintiff's sole remedy by which to attack in federal court his state court criminal conviction and sentence and that remedy may be pursued only after he has properly exhausted all of his constitutional claims in state court.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 21) be denied; and

2.  This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

/////

/////

/////

4

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: July 14, 2011.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:9
   lau3146.56

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26